IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHLEEN FILIGHERA d/b/a Palo Verde
Training Stable LLC,

                          Plaintiff,                     OPINION AND ORDER

     v.

                                                    21-cv-208-wmc

STARNET INSURANCE COMPANY,

                         Defendant.

---

In this civil action, plaintiff Kathleen Filighera, purportedly doing business as Palo Verde Training Stable LLC, alleges that defendant StarNet Insurance Company breached the terms of an insurance policy and acted in bad faith by failing to provide placement cost coverage for damage caused to plaintiff's stable.  Plaintiff filed this lawsuit in Wood County Circuit Court for the State of Wisconsin, and defendant removed this action pursuant to 28 U.S.C. §§ 1441 and 1446 to this court.  (Dkt. #1.)  Defendant contends that this court may exercise its diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  (*Id.* ¶ 2.)  Because the allegations in the complaint are insufficient to determine if this is so, plaintiff will be given an opportunity to clarify if Palo Verde Training Stable LLC is a plaintiff, and, if so, defendant will be given an opportunity to file an amended notice of removal containing the necessary factual allegations to establish diversity jurisdiction.  Failure to do so timely will result in remand for lack of subject matter jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction."  *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).  Absent the

presence of federal question jurisdiction, unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009); 28 U.S.C. § 1332(a). Moreover, because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff is "Kathleen Filighera d/b/a Palo Verde Training Stable, LLC," but an LLC, or limited liability company, is a separate business entity created by statute. *See Marx v. Morris*, 2019 WI 34, ¶ 41, 386 Wis. 2d 122, 925 N.W.2d 112. An individual cannot do business as a separate legal entity. The court takes judicial notice that both Palo Verde Training, LLC and Filighera are listed as the insureds in the insurance policy attached to plaintiff's complaint. (Am. Compl. (dkt. #1-2) p.13, ¶ 3; *id.*, Ex. A (dkt. #-12) p.17.) If plaintiff intends for Palo Verde Training Stable, LLC also to be a plaintiff, plaintiff should so clarify by filing an amended complaint. That filing is due on or before April 5, 2021.

In its notice of removal, defendant attempts to treat the LLC as a separate plaintiff, but its allegations are insufficient to determine its citizenship. Specifically, defendant contends that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶¶ 10-11.) For the latter to be true, however, there must be *complete* diversity, meaning neither plaintiff can be

a citizen of the same state as *any* defendant. *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to Palo Verde Training Stable, LLC prevent this court from determining its citizenship.

"The citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Defendant alleges that (1) "[u]pon information and belief, no members of Palo Verde are citizens of Iowa," (2) it is "organized under the laws of the State of Wisconsin with its principal place of business . . . [in] Wisconsin Rapids, Wisconsin," and (3) it is "deemed a citizen of the State of Wisconsin." (Not. of Removal (dkt. #1) ¶ 8.) Without identifying the members -- unless Filighera is the sole member -- there is no basis for the defendant to allege that no members are citizens of Iowa -- the state of defendant's citizenship -- or that Palo Verde is a citizen of Wisconsin, unless defendant is relying on the fact that the LLC is organized under the laws of Wisconsin and has its principal place of Wisconsin, which is wholly irrelevant in deciding the citizenship of a limited liability company. *See Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

As such, assuming plaintiff files an amended complaint clarifying that the LLC also is a plaintiff, then defendant will be given leave to file an amended notice of removal that establishes subject matter jurisdiction by alleging the citizenship of Palo Verde Training Stable, LLC.

ORDER

IT IS ORDERED that:

1) Plaintiff shall have until April 5, 2021, to file an amended complaint clarifying whether Palo Verde Training Stable, LLC also is a plaintiff.

2) Assuming plaintiff files an amended complaint clarifying that the LLC also is a plaintiff, then defendant may have until April 12, 2021, to file an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

3) Failure to amend timely shall result in remand of this matter for lack of subject matter jurisdiction.

Entered this 29th day of March, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge